RECEIVED
MAR 17 2016
AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

2013R1280/FJM

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William J. Martini |
| v. | : | Crim. No.: 16-134 |
| NILESHKUMAR PATEL and HARSAD MEHTA | : | 8 U.S.C. § 1324<br>18 U.S.C. §§ 1956 and 2 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### Background

1. At all times relevant to this Indictment:

   a. Defendant NILESHKUMAR PATEL ("PATEL") was a resident and citizen of the Republic of India ("India").

   b. Defendant HARSAD MEHTA ("MEHTA") was a resident and citizen of India.

   c. A co-conspirator not named as a defendant herein was a citizen of India ("Alien A"). Alien A did not have authorization from the United States Government to come to, enter, or reside in the United States.

   d. A co-conspirator not named as a defendant herein was a citizen of India ("Alien B"). Alien B did not have authorization from the United States Government to come to, enter, or reside in the United States.

e. A co-conspirator not named as a defendant herein was a citizen of India ("Alien C"). Alien C did not have authorization from the United States Government to come to, enter, or reside in the United States.

f. A co-conspirator not named as a defendant herein was a citizen of India ("Alien D"). Alien D did not have authorization from the United States Government to come to, enter, or reside in the United States.

g. A co-conspirator not named as a defendant herein was a citizen of India ("Alien E"). Alien E did not have authorization from the United States Government to come to, enter, or reside in the United States.

h. A co-conspirator not named as a defendant herein was a citizen of India ("Alien F"). Alien F did not have authorization from the United States Government to come to, enter, or reside in the United States.

## The Conspiracy

2. From in or about June 2013, through and including in or about October 2014, in Essex County, in the District of New Jersey and elsewhere, defendants

**NILESHKUMAR PATEL and
HARSAD MEHTA**

knowing and in reckless disregard of the fact that the coming to, entry and residence of aliens was or would be in violation of laws, did knowingly and intentionally conspire and agree with each other and others to encourage and

induce aliens to come to, enter and reside in the United States, for the purpose of commercial advantage and private financial gain, contrary to Title 8 United States Code, Sections 1324(a)(1)(A)(iv) and (a)(1)(B)(i).

## Object of the Conspiracy

3. The object of the conspiracy was for PATEL and MEHTA to unlawfully enrich themselves by illegally smuggling aliens into the United States for a fee.

## Manner and Means of the Conspiracy

4. It was part of the conspiracy that PATEL and MEHTA planned to smuggle aliens into the United States.

5. It was further part of the conspiracy that PATEL and MEHTA met an undercover law enforcement officer ("UC") in Thailand and agreed to pay the UC to smuggle aliens into the United States.

6. It was further part of the conspiracy that on or about July 24, 2014, PATEL and MEHTA introduced Alien A and Alien B to the UC in Thailand for purposes of having them smuggled into the United States. At this meeting, PATEL and MEHTA provided partial payment to the UC for smuggling Alien A and Alien B into the United States.

7. It was further part of the conspiracy that on or about July 24, 2014, PATEL and MEHTA arranged for a co-conspirator to meet the UC in Newark, New Jersey, provide payment to the UC, and pick up Alien A and Alien B.

8. It was further part of the conspiracy that on or about October 2, 2014, PATEL and MEHTA introduced Alien C and Alien D to the UC in Thailand for purposes of having them smuggled into the United States. At this meeting,

PATEL and MEHTA provided partial payment to the UC for smuggling Alien C and Alien D into the United States.

9. It was further part of the conspiracy that on or about October 2, 2014, PATEL and MEHTA arranged for a co-conspirator to meet the UC in Newark, New Jersey and pick up Alien C and Alien D.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## **COUNTS 2 – 7**

## Smuggling Aliens into the United States for Private Financial Gain

1. The allegations set forth in paragraph 1 and 3 through 9 of Count 1 of this Indictment are hereby realleged as if fully set forth herein.

2. On or about the dates below, in Essex County, in the District of New Jersey and elsewhere, defendants

### NILESHKUMAR PATEL and
### HARSAD MEHTA

knowingly and in reckless disregard of the fact that an alien had not received prior official authorization to come to, enter, and reside in the United States, did bring and attempt to bring to the United States said alien, for the purpose of commercial advantage and private financial gain as described below

| Count | Approximate Date | Defendant(s) | Alien Smuggled Into United States |
|---|---|---|---|
| 2 | July 24, 2014 | PATEL MEHTA | Alien A |
| 3 | July 24, 2014 | PATEL MEHTA | Alien B |
| 4 | October 2, 2014 | PATEL MEHTA | Alien C |
| 5 | October 2, 2014 | PATEL MEHTA | Alien D |
| 6 | January 22, 2015 | PATEL | Alien E |
| 7 | January 22, 2015 | PATEL | Alien F |

In violation of Title 8, United States Code, Sections 1324(a)(2) and 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

## COUNT 8

### Money Laundering Conspiracy

1. The allegations set forth in paragraphs 1 and 3 through 9 of Count 1 of this Indictment are hereby realleged as if fully set forth herein.

2. From in or about June 2013, through and including in or about October 2014, in the District of New Jersey and elsewhere, defendants

**NILESHKUMAR PATEL and
HARSAD MEHTA**

did knowingly conspire and agree with each other, and with others known and unknown, to transport, transmit, and transfer, monetary instruments and funds to the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activities, namely, the crimes alleged in Counts 1 through 7 of this Indictment, contrary to Title 18, United States Code, Section 1956(a)(2)(A).

### Object of the Conspiracy

3. It was the object of the conspiracy for PATEL and MEHTA to transport, transmit, and transfer money to the United States from a place outside the United States to promote the continued operation of their scheme to unlawfully smuggle aliens into the United States.

### Manner and Means of the Conspiracy

4. It was part of the conspiracy that PATEL and MEHTA transported, transmitted, and transferred monetary instruments and funds to the United States to pay fees to an undercover law enforcement officer for smuggling Alien

6

A, Alien B, Alien C, and Alien D into the United States by what PATEL and MEHTA believed were unlawful means.

5. For example, PATEL and MEHTA, while outside the United States, transported, transmitted, and transferred money into an undercover bank account maintained by law enforcement in the United States as payment of smuggling fees to the UC as described below:

| Date of Transaction | Total Amount Transferred | Payment For Aliens Smuggled Into United States |
|---|---|---|
| July 28, 2014 | $23,998 | Alien A<br>Alien B |
| July 30, 2014 | $15,901 | Alien A<br>Alien B |
| July 31, 2014 | $9,305 | Alien A<br>Alien B |
| August 22, 2014 | $400 | Alien A<br>Alien B |
| September 22, 2014 | $3,372 | Alien C<br>Alien D |
| September 23, 2014 | $6,628 | Alien C<br>Alien D |
| October 2, 2014 | $1,000 | Alien C<br>Alien D |
| October 3, 2014 | $9,000 | Alien C<br>Alien D |
| October 7, 2014 | $3,000 | Alien C<br>Alien D |
| October 9, 2014 | $12,000 | Alien C<br>Alien D |
| October 10, 2014 | $6,124 | Alien C<br>Alien D |
| October 14, 2014 | $48,876 | Alien C<br>Alien D |

All in violation of Title 18, United States Code, Section 1956(h).

## First Forfeiture Allegation

1. The allegations set forth in all paragraphs of Counts 1 through 7 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 981(a)(2)(6).

2. The United States hereby gives notice to the defendants that, upon conviction of the offenses charged in Counts 1 through 7 of this Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(6), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations alleged in Counts 1 through 7 of his Indictment.

3. If by any act or omission of the defendants, any of the property subject to forfeiture described in paragraph 2 herein:

    (a) cannot be located upon the exercise of due diligence;
    (b) has been transferred or sold to, or deposited with, a third person;
    (c) has been placed beyond the jurisdiction of the Court;
    (d) has been substantially diminished in value; or
    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

## Second Forfeiture Allegation

1. The allegations set forth in all paragraphs of Count 8 of this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Section 982.

2. The United States hereby gives notice to the defendants that, upon conviction of the offense charged in Count 8 of this Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982(a)(1), of any and all property, real or personal, involved in that offense.

3. If by any act or omission of the defendants, any of the property subject to forfeiture described in paragraph 2 herein:

   (a) cannot be located upon the exercise of due diligence;
   (b) has been transferred or sold to, or deposited with, a third party;
   (c) has been placed beyond the jurisdiction of the court;
   (d) has been substantially diminished in value; or
   (e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to forfeiture of any other property of the defendant(s) up to the value of the above-described forfeitable property.

A TRUE BILL

_____
FOREPERSON

*Paul J. Fishman/rah*
PAUL J. FISHMAN
United States Attorney

CASE NUMBER: 16-____134(wJm)

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

NILESHKUMAR PATEL
and HARSAD MEHTA

INDICTMENT FOR
8 U.S.C. §§ 1324
18 U.S.C. § 1956
18 U.S.C. § 2

PAUL J. FISHMAN
UNITED STATES ATTORNEY, NEWARK, NEW JERSEY

FRANCISCO J. NAVARRO
ASSISTANT UNITED STATES ATTORNEY
NEWARK, NEW JERSEY
(973) 645-2515

U.S. CLERK
DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED
2016 MAR 17 P 5: 37